AO 245D (Rev. 3/01) Sheet 1 - Judgment in a Criminal Case for Revocations - D Massachusetts (09/02)

# United States District Court
## District of Massachusetts

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For **Revocation** of Probation or Supervised Release) |
| | (For Offenses Committed On or After November 1, 1987) |
| Kurt D. Sanborn | Case Number: 1: 16 CR 10318 - 01 - RGS |
| | Lauren Thomas |
| | Defendant's Attorney |

**THE DEFENSE:**

[x] admitted guilt to violation of condition(s) III, IV, V, VI _____ of the term of supervision.
[ ] was found in violation of condition(s) _____ after denial of guilt.

Accordingly, the court has adjudicated that the defendant is guilty of the following violation(s):

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|
| III | Shall answer truthfully all inquiries and follow the instructions of the probation officer | 12/06/16 |
| IV | Shall notify the probation officer at least ten days prior to any change | 11/11/16 |
| V | Shall notify the probation officer within seventy-two hours of being arrested/questioned | 11/11/16 |
| VI | Shall not incur new credit charges or open additional lines of credit | 11/05/16 |

[ ] See continuation page

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: 000-00-

Defendant's Date of Birth:

Defendant's USM No.: 04230-049

Defendant's Residence Address:

Defendant's Mailing Address:
Same as above

05/03/17
Date of Imposition of Judgment

/s/ Richard G. Stearns
Signature of Judicial Officer

The Honorable Richard G. Stearns
Judge, U.S. District Court
Name & Title of Judicial Officer

5-3-17.
Date

AO 240D (Rev. 3/01) Judgment in a Criminal Case for Revocations: Sheet 2 - Imprisonment

CASE NUMBER:  1: 16 CR 10318 - 01 - RGS    Judgment - Page 2 of 4
DEFENDANT:

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of    3 month(s) and 13 days as to Violations III - VI.

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district.
  ☐ at _____ on _____
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before _____ on _____
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Officer.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

AO 245D (Rev. 3/01) Sheet 3 - Supervised Release

CASE NUMBER: 1: 16 CR 10318 - 01 - RGS
DEFENDANT:

Judgment - Page 3 of 4

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of     2 year(s)
as to Violations III - VI.

[x] See continuation page

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

[ ]   The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[x]   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated above).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Continuation Page - Supervised Release/Probation

| | | |
|---|---|---|
| CASE NUMBER:<br>DEFENDANT: | 1: 16 CR 10318 - 01 - RGS | Judgment - Page 4 of 4 |

## Continuation of Conditions of ☒ Supervised Release ☐ Probation

1. The defendant is to reside for a period of six (6) months in a residential reentry center (RRC) and shall observe the rules of that facility.

2. The defendant shall use his true name and is prohibited from the use of any aliases, false dates of birth, false social security numbers, incorrect places of birth, and any other pertinent incorrect identifying information.

3. The defendant shall allow the installation of a computer and Internet monitoring program and/or identify computer systems, Internet-capable devices, and similar memory and electronic devices to which the defendant has access (except a computer owned by his employer and not located at his residence). The program(s) used will be designed to identify if the defendant is using any dating apps or websites, or engaging in communications with women, whose identity he has not disclosed to the Probation Office. The defendant shall contribute to the cost of such monitoring services, based on the defendant's ability to pay as deemed appropriate by the Probation Office. The defendant shall not attempt to remove or otherwise defeat such systems, and shall allow the Probation Office to examine such computer and receive data from it at any reasonable time.

4. The defendant shall submit to polygraph testing to determine if he is complying with the disclosure of any dating relationships, and/or using any unauthorized Internet capable devices. When submitting to a polygraph exam, the defendant does not waive his Fifth Amendment rights, and the defendant's exercise of such rights will not give rise to a violation proceeding. The results of the polygraph examinations may not be used as evidence in Court to prove that a violation of community supervision has occurred, but may be considered in a hearing to modify release conditions.

5. The defendant shall disclose all account information relative to Internet access and social networking, including user names and passwords, to the Probation Office.

6. The defendant shall notify the Probation Office of any new relationship and is prohibited from accessing Internet dating websites.

7. All previously imposed conditions remain in effect.