UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,    )
                             )
                             )
                             )
    v.                       )        Criminal No. 16-10318-RGS
                             )
KURT SANBORN,                )
                             )
         Defendant.          )
                             )

## DEFENDANT'S MOTION FOR MODIFICATIONS OF CONDITIONS OF SUPERVISED RELEASE AND AUTHORIZATION TO TRAVEL OUTSIDE OF NEW ENGLAND

Defendant Kurt Sanborn respectfully requests, pursuant to Federal Criminal Rule of Procedure 32.1, that certain conditions of his supervised release be modified. Mr. Sanborn further requests that he be allowed to travel at no cost to him outside of New England. Mr. Sanborn currently is on supervised release that is to end on April 4, 2018. Mr. Sanborn submits this request because certain conditions of supervised release are no longer applicable and bar Mr. Sanborn from, for example, computer access necessary to his education. In addition, a U.S. Probation ("Probation") policy that exists solely in Massachusetts bars him from travel outside of New England because of his restitution obligation, even though this travel would occur at no cost to Mr. Sanborn. Mr. Sanborn requests that this motion be granted, that his conditions be modified as detailed below, and that he be allowed to travel outside of New England at no cost to him.

Mr. Sanborn's conditions of supervised relief contain internet access restrictions that are no longer warranted and that interfere with his educational and employment pursuits. The relevant conditions require Mr. Sanborn to allow the presence of internet-monitoring equipment so that Probation

can monitor whether Mr. Sanborn is accessing online dating sites. They also require him to inform Probation of user names and passwords for internet access. Finally, the conditions require Mr. Sanborn to submit to polygraph testing relating to unauthorized computer access.

These conditions were established based upon alleged issues arising out of Mr. Sanborn's online dating that first arose over one year ago and have not been relevant since the very beginning of this year. Mr. Sanborn has not engaged in dating women he met online since early January 2017; indeed, he does not have time to do so considering his work and school schedule. Probation has not identified any issues in this regard since January 2017, and Mr. Sanborn passed a polygraph test on the subject in September 2017. Monitoring in this regard is no longer necessary.

The limitations on Mr. Sanborn's internet access currently interfere with his educational and employment efforts. Mr. Sanborn is enrolled in University of Massachusetts-Lowell, and his inability to fully access the internet prevents him from taking online class options and accessing information relevant to his classes at the school. Further, Mr. Sanborn works in the restaurant industry, in which work schedules are fluid and change based upon business expectations and employee availability. Mr. Sanborn's inability to fully and freely use the internet prevents him from accessing online employee scheduling.

Probation denied approval of Mr. Sanborn's request to travel to Florida after Christmas with his family to watch his niece in a basketball tournament there. Family members intended to pay for the trip as a holiday gift to Mr. Sanborn. Mr. Sanborn's Probation Officer informed Mr. Sanborn that Probation denied the request because Mr. Sanborn owes restitution. Upon information and belief, the policy supporting this action exists only in Massachusetts and not in any other Probation offices. The policy is illogical, given that Mr. Sanborn would not on this trip be spending any funds that could be used for restitution.

2

Mr. Sanborn respectfully requests relief from this policy and authorization to accompany his family members to Florida. His ability to pay his restitution obligation would be entirely unaffected by this trip. Moreover, Mr. Sanborn has been working extremely hard in his employment and at school, in order to ensure a continuing successful transition.

## CONCLUSION

For the foregoing reasons, Defendant Kurt Sanborn respectfully requests that this motion be granted, and that (1) the conditions containing internet restrictions be removed, and (2) that he be allowed to travel outside of New England when doing so would be at no cost to him.

Respectfully submitted,

Kurt Sanborn

By his attorney,

Dated:  December 22, 2017

/s/ Mark L. Josephs
Mark L. Josephs
Bar No. 568454
Law Office of Mark Josephs, LLC
10 Derne Street
Boston, MA  02114
(857) 250-4998
mark.josephs@markljosephslaw.com

3

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF System will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 22, 2017.

/s/  Mark L. Josephs
Mark L. Josephs