UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | CRIMINAL NO. 16-10318-RGS |
| KURT SANBORN, | ) ) ) | |
| Defendant. | ) ) | |

**UNITED STATES' RESPONSE TO MOTION FOR MODIFICATION OF CONDITIONS OF SUPERVISED RELEASE AND AUTHORIZATION TO TRAVEL <u>OUTSIDE OF NEW ENGLAND</u>**

On December 22, 2017, the defendant filed a motion to modify his conditions of supervised release and to authorize non-business-related travel to Florida.

First, the defendant has asked the Court to modify "conditions of supervised relief contain[ing] internet access restrictions that are no longer warranted and that interfere with his educational and employment pursuits." The defendant's conditions of supervised release do not contain a blanket restriction on internet access. [Docket No. 25]. They do prohibit the defendant from accessing "dating apps or websites, or engaging in communications with women, whose identity he has not disclosed to the Probation Office." The conditions further require that the defendant allow Probation to install an Internet-monitoring program on all of the electronic devices to which the defendant has access---with the exception of a computer owned by his employer and not located at his residence. Docket No. 24; Special Condition No. 3. The government proposed modifying the condition as follows:

> The defendant shall allow the installation of a computer and Internet monitoring program and/or identify computer systems, Internet-capable devices, and similar memory and electronic devices to which the defendant has access (except a computer owned by his employer

<blockquote>
or school and not located at his residence).  The program(s) used will be designed to identify if the defendant is using any dating apps or websites, or engaged in communications with women, whose identify has not been disclosed to the Probation Office.  The defendant shall contribute to the cost of such monitoring services, based on the defendant's ability to pay as deemed appropriate by the Probation Office.  The defendant shall not attempt to remove or otherwise defeat any such systems, and shall allow the Probation Office to examine such computer and receive data from it at any reasonable time.
</blockquote>

The proposed modification would allow Probation to continue to monitor the defendant's internet access without restricting his ability to participate in his employment or his studies at University of Massachusetts-Lowell.

      Second, the defendant seeks permission to travel to Florida for personal reasons.  Probation has denied the request based a nationwide policy of the United States Probation Office not to permit travel for pleasure when the defendant has an outstanding financial obligation.  Here, in connection with his convictions in the District of New Hampshire, Mr. Sanborn has been ordered to pay restitution of approximately $500,000 to his victims.  *See United States v. Sanborn*, 08-cr-00128-SM, D.N.H., Docket No. 45; 13-cr-00028-SM, D.N.H., Docket No. 70.  Accordingly, the United States objects to the defendant's request to travel to Florida.

                                                    Respectfully submitted,

                                                   ANDREW E. LELLING
                                                   United States Attorney

By:    */s/ Rachel Y. Hemani*
        Rachel Y. Hemani, BBO #660983
        Assistant U.S. Attorney
        408 Atlantic Avenue
        Boston, MA 02110
        (617) 748-3510
        rachel.hemani@usdoj.gov

**Certificate of Service**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

                                                  */s/ Rachel Y. Hemani*
                                                  Rachel Y. Hemani
                                                  Assistant U.S. Attorney

Date: January 3, 2018